FILED

NOV 20 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25 CR 569 |
| ) | Title 18, United States Code, |
| SADAI LOPEZ, ) | Section 2, and Title 21, United |
| ) | States Code, Sections 841(a)(1), |
| Defendant. ) | (b)(1)(A) and 846 |

### COUNT 1
(Conspiracy to Distribute Fentanyl, 21 U.S.C. § 846)

The Grand Jury charges:

**JUDGE LIOI**

1. From on or about August 2023, to on or about November 18, 2024, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant SADAI LOPEZ and others known and unknown to the Grand Jury, did knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

### COUNT 2
(Distribution of Controlled Substances, 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2)

The Grand Jury further charges:

2. On or about November 13, 2024, in Northern District of Ohio, Eastern Division, and elsewhere, Defendant SADAI LOPEZ did knowingly and intentionally distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE

The Grand Jury further charges:

3. For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegations of Counts 1 and 2 are incorporated herein by reference. As a result of the foregoing offenses, Defendant SADAI LOPEZ shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of such violations; and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of such violations; including, but not limited to, the following: a money judgment in the amount of $106,000.00 which represents the proceeds from the violations charged herein.

## **SUBSTITUTE PROPERTY**

In the event that any property subject to forfeiture under 21 U.S.C. § 853, as a result of any act or omission of the defendant(s):

    a.) cannot be located upon exercise of due diligence;

    b.) has been transferred or sold to, or deposited with a third party;

    c.) has been placed beyond the jurisdiction of this Court;

    d.) has been substantially diminished in value; or,

    e.) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant(s), up to an amount equivalent to the value of the forfeitable property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.